# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| **APTVV, LLC and APTPCY, LLC** § | |
| § | |
| *Plaintiff* § | |
| § | Civil Action No. 4:19−cv−00326 |
| v. § | |
| § | |
| **Waste Management of Texas, Inc.,** § | |
| **City of Pasadena,** § | |
| **Jeff Wagner, Mayor of Pasadena, and** § | |
| **Robin Green, Pasadena Public Works** § | |
| **Department** § | |
| *Defendants* § | |

## PLAINTIFF'S SECOND AMENDED ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, APTVV, LLC, and APTPCY, LLC, Plaintiffs herein, filing this Second Amended Petition complaining of Defendants, and for causes of action would respectfully show the Court and jury as follows:

### Discovery Control Plan

Plaintiffs intend to conduct discovery under Level 2 of the Texas Rule of Civil Procedure 190.3.

### Parties

Defendant WASTE MANAGEMENT OF TEXAS, INC., is a Texas corporation that has answered the lawsuit and made an appearance.

Defendant CITY OF PASADENA is a home rule municipality established pursuant to the laws of the State of Texas. The CITY OF PASADENA is located in Harris County, Texas, and has answered the lawsuit and made an appearance.

Plaintiffs' Original Petition—Page 1

The Texas Attorney General is joined as an interested party pursuant to Tex. Civ. Prac. & Rem. Code § 37.006(b) and may be served with process by serving Attorney General Ken Paxton at 300 W. 15th Street, Austin, Texas 78701.

Defendant JEFF WAGNER, the Mayor of the City of Pasadena, is a natural person and may be served with process herein by serving him at his place of business at 1149 Ellsworth Drive, Pasadena, Texas 77506.

Defendant ROBIN GREEN, the head of the Public Works Department of the City of Pasadena, is a natural person and may be served with process herein by serving him at his place of business at 1149 Ellsworth Drive, Pasadena, Texas 77506.

## Jurisdiction & Venue

Jurisdiction is consistent with the relief sought by Plaintiffs pursuant to Tex. Civ. Prac. & Rem. Code § 65.021.

This court has personal jurisdiction, both specific and general, over Defendant Waste Management because it does business in Texas. Additionally, Defendant Waste Management's principal office is located in Harris County, Texas. Venue is proper in Harris County because Defendant Waste Management's principal office is located in Harris County. Tex. Civ. Prac. & Rem. Code § 15.002(a)(3).

This court has jurisdiction over Defendant City of Pasadena because this Defendant is located in Harris County, Texas, and furthermore because the City of Pasadena is a governmental entity and the State has waived sovereign immunity for this claim as discussed below. Likewise, this court has jurisdiction over Defendants Jeff Wagner and Robin Green because they are located in Texas, engaged in activities in Texas, and Plaintiffs' causes of action arise out of Defendants' activities in the State of Texas.

Plaintiff has suffered damages in an amount within the jurisdictional limits of this Court. Pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiff in good faith pleads the value of this case is over two hundred thousand dollars ($200,000.00) but less than one million dollars ($1,000,000.00). Plaintiff reserves the right to amend these amounts if a jury awards an amount in excess of one million dollars ($1,000,000.00).

Venue is properly within Harris County, Texas, pursuant to Tex. Civ. Prac. & Rem. Code § 65.023. Furthermore, the actions and events complained of occurred in Harris County.

## No Immunity

Plaintiffs have standing to seek a declaration interpreting an Ordinance or declare that the Ordinance in question is illegal or unconstitutional, and to seek to enjoin the prospective assessment, collection, and expenditure of fees based on a declaration that the Ordinance, or the collection of fees under the Ordinance, is in fact illegal.

Defendants are not immune from suits for injunctive relief and declaratory judgment actions, as well as constitutional due process violations.

The City's governmental immunity to Plaintiff's declaratory and injunctive relief claims is waived by the statutory requirement that the City be joined as a necessary party to Plaintiff's claims asserting the unconstitutionality and/or the illegality of specific city ordinances conferring the authority to assess, collect and expend charges.

The Legislature has mandated that municipalities be made parties to declaratory judgment actions that challenge the validity of municipal ordinances (Tex.Civ.Prac.&Rem. Code Ann. § 37.006(b) (West 2015)) thereby waiving immunity. "For claims challenging the validity of ordinances or statutes . . . the Declaratory Judgment Act requires that the relevant governmental entities be made parties, and thereby waives immunity." *Texas Lottery Com'n v. First State Bank*

*of DeQueen*, 325 S.W.3d 628, 633–34 (Tex. 2010) (quoting *City of El Paso v. Heinrich*, 284 S.W.3d 366, 373 n.6 (Tex. 2009) (citing section 37.002(b)).

**DUE PROCESS: Plaintiff's Property Interest Triggers Constitutional Protections**

Plaintiff affirmatively pleads it has, and had at all times relevant hereto, a property interest in continuous trash service triggering constitutional protections. Said property interest is subject to protection under the Due Course of Law Clause of the Texas Constitution.

**Ultra Vires Action**

Plaintiff has standing to sue the City and the *ultra vires* defendants to interpret the Ordinance and determine whether the City officers charged with assessing and collecting taxes/fees and spending public monies as authorized by the Ordinance are acting without legal authority, and thus *ultra vires*, in assessing and collecting fees and spending public money under the Ordinance and whether those activities may therefore be enjoined. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 37.006(b); *Tex. Lottery Comm'n*, 325 S.W.3d at 633; *Heinrich*, 284 S.W.3d at 373 n.6;

The named individual defendants do not have governmental immunity from claims based on their enforcement of the invalid city ordinance, and, therefore, the trial court has subject-matter jurisdiction over Plaintiff's claims for declaratory and injunctive relief against these defendants.

**Factual Background**

Plaintiff APTVV, LLC owns the Victoria Village Apartments, a 612-unit multi-family residential establishment in the City of Pasadena, and has operated in the City since May 2016.

Plaintiff APTPCY, LLC owns the Courtyard Apartments, a 195-unit multi-family

residential establishment in the City of Pasadena, and has operated in the City since May 1999.

On or about January 6, 1998, Defendant City of Pasadena (hereinafter, "City"), by Ordinance No. 97-247, entered into and assigned an exclusive contract with a private waste company for the collection and disposal of commercial refuse within the City of Pasadena. Subsequently, Defendant Waste Management of Texas, Inc. (hereinafter, "Waste Management"), assumed the then-effective contract with the City to provide for the collection and disposal of commercial refuse within the City. Throughout the ensuing years, Waste Management has maintained its contract with the City and continues to be the only authorized waste disposal company permitted to operate in the City.

To obtain waste services in the City, commercial establishments like Plaintiffs have no option except to accept the terms set by Waste Management, thereby becoming captive customers. Plaintiffs have entered into service contracts with Waste Management.

According to the City of Pasadena Commercial Garbage Disposal Contract, as amended at various times (hereinafter, "City Contract"), Waste Management agrees "to receive and accept no more than the prices set forth [in an exhibit attached to the contract]." Therefore, the City Contract specifies what services may be charged and limits the maximum amount that Waste Management may charge for every service offered.

At the time this lawsuit was filed, the City Contract required Waste Management to pay to the City a sum equal to ten percent (10%) of the gross compensation that Waste Management receives from its captive customers. After this lawsuit, and in response to it, the City amended its ordinance and, among other things, increased the amount that Waste Management must pay to the City from 10% of gross receipts to 25% of gross receipts.

The City of Pasadena charges various water-related fees to apartment complex owners in

order to activate service. Plaintiff APTVV was charged and paid the fees billed.

## CAUSES OF ACTION

### Waste Management: Money Had and Received and/or Unauthorized Overage Fees and other Penalties

Waste Management may only charge the fees that have been approved and ratified by the Pasadena City Council. The City Contract states very clearly that Waste Management may only "receive and accept no more than the prices set forth" on the Exhibit attached to the contract for "all purposes for the services it provides as full compensation" for "doing all of the work" related to commercial waste disposal. In spite of this clear limitation on Waste Management's ability to charge for doing "all of the work" of waste removal, Waste Management has repeatedly, continuously, and brazenly violated this City Contract, to wit: Waste Management has repeatedly charged an "overage" fee for every dumpster that the driver visually determined was "too full." This "overage" fee has been raised over the course of the service duration from $90.00, to $115.00, and now to $125.00, for every dumpster that the driver deems as too full. There is no authorization in the City Contract for Waste Management to charge these overage fees. Each of these overage charges is unlawful.

To date, Plaintiff APTVV has been charged this unlawful "overage" fee dozens of times. Plaintiffs pray this Court to order the refunding, with interest, of all the overage fees paid to date, which rightfully belongs to the Plaintiffs in equity and good conscience. Plaintiffs also pray this Court to immediately grant a temporary injunction to prevent Waste Management from continuing to charge these unauthorized overage fees.

To date, Plaintiff APTPCY, LLC has been charged this unlawful "overage" fee dozens of times. Plaintiffs pray this Court to order the refunding, with interest, of all the overage fees paid

to date, which rightfully belongs to the Plaintiffs in equity and good conscience. Plaintiffs also pray this Court to immediately grant a temporary injunction to prevent Waste Management from continuing to charge these unauthorized overage fees.

## Waste Management: Breach of Contract

On January 3, 2018, APTVV, LLC provided written notice, pursuant to the then-effective contract, that it was terminating its service with Waste Management, effective February 24, 2018. On January 24, 2018, Waste Management's representative, Raleta Milon, contacted APTVV in an attempt to enter into a new agreement with APTVV and retain APTVV's business. On January 24, 2018, Waste Management sent a proposed new contract to APTVV. APTVV reviewed, edited, and executed the proposed contract, and returned it to Waste Management on February 12, 2018. This new contract became effective on February 24, 2018, the same day that the prior contract terminated. This would ensure no gap in waste removal service to Victoria Village's thousands of residents. After receipt of this new contract, and after the prior Agreement's termination on February 24, 2018, Waste Management demonstrated its acceptance of the new agreement by performing under the contract and servicing Victoria Village Apartments.

Waste Management has breached this new contract and has failed to comply with its terms, to wit, charging fees in excess of the agreed fees contained in the agreement effective February 24, 2018, including overage fees disallowed by the February 24, 2018 Agreement and the Pasadena City Contract. Plaintiff APTVV has been harmed and seeks all available remedies at law and equity for this ongoing breach, including a temporary and permanent injunction preventing Waste Management from charging overage fees and other costs and fees in excess of what the February 12, 2018 agreement authorizes, and a refund with interest of all amounts paid in excess of the Agreement's and the City Contract's terms. By charging overage fees not allowed or mandated

by Ordinance, and fees which are not contracted for by Plaintiff, Defendant is in breach of contract.

### City of Pasadena
### Declaratory judgment
### Temporary and Permanent Injunction

Defendant's conduct threatens irreparable harm to Plaintiff, and Plaintiff has no adequate remedy at law or otherwise for the harm or damage caused by said conduct.

Plaintiff seeks a declaration interpreting an ordinance and a judgment declaring the ordinance invalid; an injunction against the assessment, collection, and expenditure of taxes and fees pursuant to the ordinance; and reimbursement, on behalf of Defendant and all other similarly situated persons or entities of taxes and fees assessed and collected pursuant to the ordinance and paid under duress.

Plaintiffs seek a judicial declaration that "overage" fees are not allowed or mandated by Ordinance and are not fees which Plaintiff contracted for, and are therefore illegal and/or unconstitutional. Plaintiff seeks an injunction preventing the further imposition of such charges and that all assessed amounts be reimbursed to those persons and entities that paid them

Plaintiff seeks a judicial declaration that the tax imposed by the Ordinance is illegal and/or unconstitutional and that all assessed amounts must be reimbursed to those persons and entities that paid them.

### Unlawful Customer Service Inspection Certification Charges

In August of 2016, the City of Pasadena charged an unauthorized $12,240.00 fee to Plaintiff APTVV, LLC. This fee was listed on the August 2016 Utility Bill from the City of Pasadena's Water Department as "MISC $12,240.00" with no other explanation. APTVV promptly paid the fee so as to avoid any water turn-off or other catastrophic penalty. When APTVV

requested an explanation for the MISC $12,240.00 line item, APTVV was informed that it was the amount of the customer service inspection fee. This customer service inspection fee is charged at $20 for every unit the inspector inspects.

On September 30, 2016, APTVV sent a letter to the City demanding that the unauthorized fee be returned. To date, the City has ignored Plaintiff's demand and has refused to return the money had and received, which rightfully belongs to Plaintiff APTVV, LLC, in equity and good conscience.

Plaintiffs seek a declaration interpreting this ordinance and a judgment declaring the ordinance invalid; an injunction against the assessment, collection, and expenditure of taxes and fees pursuant to the ordinance; and reimbursement, on behalf of Defendant and all other similarly situated persons or entities of taxes and fees assessed and collected pursuant to the ordinance and paid under duress

Defendants seek reimbursement of costs and reasonable and necessary attorney fees pursuant to the Texas Uniform Declaratory Judgments Act.  Tex.Civ.Prac.&Rem. Code § 37.009

## Jury Demand

Plaintiffs respectfully requests a trial by jury of the issues in this case.

## Prayer

It was necessary to secure the services of the below listed counsel to protect the rights of the Plaintiffs. Defendants should be ordered to pay reasonably attorney fees, to be taxed as costs and ordered paid directly to the undersigned attorneys. Plaintiffs request that Defendant be ordered to pay costs of court in this proceeding.

Plaintiffs further pray for this court to grant all further relief to which the Plaintiffs may be justly entitled in law and equity.

By: /s/ *Steven Poock*
    Steven Poock
    S.B.N. 00794473
    P.O. Box 984
    Sugar Land, Texas 77487
    Tel: 713-953-0500
    TexasStateLegal@gmail.com
    Attorney In Charge

    Kawika Vellalos
    S.B.N. 24103975
    2205 Avenue I, #117
    Rosenberg, Texas 77471
    281-344-1170 Telephone
    281-344-1182 Facsimile
    kvellalos@gmail.com
    **ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing was served upon all counsel of record via CM/ECF system on this 11th day of March, 2019.

    /s/ *Steven Poock*
    Steven Poock